Mason *et al.* v. Parker.

## Mason *et al.* v. Parker.

1. In a proceeding against a sheriff and his sureties, for the failure to return an execution within the time prescribed by law, to which there is an available plea in bar; a verdict which merely ascertains the sheriff's default, does not authorize a judgment in favor of the plaintiff—it should go farther, and negative the defence interposed by the plea.

2. The eighteenth section of the act of 1819, " To provide for the appointment of county officers, and for other purposes," authorizes any person aggrieved, to move for, and have judgment against a sheriff and his sureties, for the failure of the sheriff, to perform the duties by that act required. And it is not necessary that all the parties moved against, should have notice of the proceeding : but it is sufficient to give three days notice of the motion, either to the delinquent sheriff, or his sureties.

3. The eighteenth section of the act of 1819, is a penal enactment, and cannot be extended by construction, beyond what its terms import ; consequently a judgment cannot be rendered against the sureties without associating the sheriff with them.

THIS was a proceeding by motion against the plaintiffs as the sureties of Jonathan M. Hill, sheriff of Wilcox, for a failure to return within the time prescribed by law, a writ of execution theretofore placed in the hands of their principal for collection, at the suit of the defendant in error, against Lewis Hobbs.

The record does not show the service of notice on the sheriff or his sureties, but in the record are found the following pleas:

*First*—The execution is returned.

*Second*—The defendant in the execution is notoriously insolvent.

*Third*—All the executions against the defendant in execution by notice from said defendants' attorneys, were to be retained by the sheriff in order to apply moneys.

*Fourth*—The office (of sheriff, it is supposed) was declared vacant by the judge of the county court, before the return day.

*Fifth*—The general issue.

To these pleas there was an issue to the jury, and also a de-

murrer. The pleading is signed by the counsel of the respective parties.

The judgment is as follows, " This day came the parties by their attorneys, and the plaintiff discontinues his suit, as to Jonathan M. Hill and Benjamin Williamson, not served with process, and thereupon came a jury, &c. who being duly elected, tried, and sworn, well and truly to try the issue joined, upon their oaths do say, that they find that the said Jonathan M. Hill, sheriff as aforesaid, did not return the execution within the time prescribed by law; and it appearing to the court now here, that the said Jonathan M. Hill, was sheriff of Wilcox county, &c. It is therefore, on motion considered by the court, &c."

In the record there is a bill of exceptions to the ruling of the court, upon evidence offered by the plaintiffs in error, but as it is not considered by the court in its opinion, it need not be here more particularly noticed.

PROCTOR and PECK, for the defendant.
CLARK, contra.

COLLIER, C. J.—Among other exceptions taken to the judgment of the circuit court, it is insisted that the verdict of the jury, does not respond to all the issues submitted to them, but merely ascertain the fact of the sheriff's default, without pretending to determine the matters of defence relied on, in the pleas. This objection is well taken. Had the jury merely said, we find the " issue," though there are several, we would intend that they found " *the* matters in issue between the parties to be in favor of the plaintiff." [Tippen v. Petty, 7 Porter's Rep. 441.] But such is not their verdict: they say, " that the said Jonathan M. Hill, sheriff as aforesaid, did not return the execution within the time prescribed by law." Now all this may be true, and yet the pleas of the defendant in error be true, also. The third plea, if made out by proof, would certainly be an available bar to a recovery, and should have been responded to by the jury—whether it would be a sufficient ground for a reversal that, there was no finding on pleas, bad in themselves, it is wholly unnecessary to consider.

The law is otherwise where there are several issues, if the verdict is in favor of the defendant. There, if the jury find one, which is a bar to a recovery, the verdict will not be disturbed, on error brought by the plaintiff; though their verdict be silent as to others, or it may be, against the defendant. The finding upon one good plea, shows that the plaintiff cannot recover, and he cannot be prejudiced or benefited by any disposition, or omission to dispose of the others. [Winston v. Mosely, 2 Stewart's Rep. 140.]

This view of the case shows that the judgment of the circuit court must be reversed, and it remains to inquire, whether it should be remanded.

By the eighteenth section of the act of 1819, " to provide for the appointment of county officers, and for other purposes," [Aik. Dig. 64] it is enacted, that " when any sheriff shall fail to perform the duties by this act required, the person or persons aggrieved, may move against such delinquent sheriff, and have judgment against such sheriff, and his securities in office, for the amount he has failed to pay over as aforesaid, or for failing to return the execution in manner as above directed, in the court from which such execution had issued, upon giving three days notice of such motion, to such delinquent sheriff or his securities in office," &c.

This act in express terms authorizes the motion to be made against the sheriff, and if his default is made to appear, declares that the party moving shall have judgment against him and his sureties. And that a plaintiff in execution may not be deprived of this summary remedy, it is provided, that service on the sheriff *or* his sureties, shall authorize him to make the motion. In considering this latter provision, it has been repeatedly decided, that a notice, either to the sheriff or his sureties, entitles the plaintiff to a judgment, against all the obligors in the sheriff's bond. [Neale *et al.* v. Caldwell, 3 Stewart's Rep. 134: McWhartor *et al.* v. Marrs, Alabama Rep. 376: Broughton *et al.* v. The Bank of Alabama, 6 Porter's Rep. 48.]

There then, there can be no necessity, for discontinuing or fail-

Mason *et al.* v. Parker.

ing to proceed against the sheriff, merely because he is not served with process, since service upon his sureties, dispenses with a notice to him.

This statute, in subjecting the sheriff and his sureties for a failure to return an execution, to a judgment for its amount, and interest, is penal, and cannot upon any principle be extended by construction beyond what its terms import.   Even if it were permissible to give to the act a liberal interpretation, in a case involving the interest of the sheriff alone, such a construction cannot be indulged in a case, in which the rights of sureties are mainly concerned.

The statute then, requiring the motion to be made against the sheriff, and this too without a personal notice, a discontinuance as to him, was both unnecessary and unauthorized; and as the defendant in error, has *thus* disabled himself, from proceeding further in *the present case* it will not be remanded, but he will be left to proceed *de novo* if he think proper.

In Orr v. Duval *et al.* [*supra.*] we held that the *sheriff,* should be served with notice of the motion.   But that was a proceeding for a refusal to pay over money collected on a *fi. fa,* under the first section of the act of 1836, and the decision is founded on the *peculiar terms* employed in that section; which are unlike those contained in the statute, under which it is attempted to sustain the case at bar.

The judgment of the circuit court is reversed.